```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------X
UNITED STATES OF AMERICA
ex rel. KEVIN COSENS,                :

        Plaintiffs,                  :

    - against -                      : No. 3:03CV685(GLG)
                                       MEMORANDUM DECISION
ST. LOUIS UNIVERSITY,                :

        Defendant.                   :
-------------------------------------X
```

St. Louis University, one of the forty defendants in the MDL litigation, has filed a supplemental memorandum **[Doc. # 4]** in support of the motions to dismiss filed in the MDL litigation, which emphasizes that the incorrect legal entity was named in the Relator's original complaint and the Government's complaint-in-intervention and, therefore, the Government's amended complaint-in-intervention should not relate back. Rather, it should be dismissed as untimely filed.

The Relator originally named St. Louis University Hospital, which it claims is a non-existent legal entity. In 1998, St. Louis University sold its hospital to Tenet Healthcare and, after the sale, St. Louis University Hospital, for the first time, became a legal entity. The Government's first complaint-in-intervention also incorrectly named St. Louis University Hospital, but an amended complaint was then filed on November 2, 2002, naming St. Louis University.

The Government responds that Rule 15(c)(3) provides that

1

technical amendments correcting the name of a party relate back to the filing of the original complaint. Further, even if incorrectly named, St. Louis University did business as St. Louis University Hospital, it responded to the Government subpoena using the name St. Louis University Hospital, and it was not until St. Louis University was served with the Government's complaint-in-intervention that it notified the Government of the mistaken name. The Government then promptly filed an amended complaint correcting the name of the defendant.

We hold that the Government's amended complaint-in-intervention, which corrected the name of the defendant to St. Louis University, related back to the Government's original complaint-in-intervention. And, as we held in our May 12, 2004 opinion in the MDL litigation, that complaint relates back to the date the Relator filed the original qui tam complaint.

Accordingly, for these reasons and for the reasons set forth in the Court's Opinion of May 12, 2004 in the MDL litigation, In re. Cardiac Devices Qui Tam Litigation, 3:03MD1505(GLG), the Court adheres to its ruling in the MDL litigation and DENIES the Motion to Dismiss in all respects except that the Motion to Dismiss on Statute of Limitations grounds is GRANTED as to all common-law claims for payment by mistake, unjust enrichment and recoupment, which are based on Medicare claims filed prior to March 31, 1988.

SO ORDERED.

Date: May  /7 , 2004.
    Waterbury, Connecticut.

*[signature]*
GERARD L. GOETTEL,
United States District Judge

3